## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DERWIN L. THOMAS,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　　　**Civil Action No. 5:10-0180**
　　　　　　　　　　　　　　　　　)
DAVID BERKEBILE, Warden,　　　　)
FCI Beckley,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Amended "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, or in the Alternative, Pursuant to 28 U.S.C. § 2241 or 2255" (Document No. 51.), filed on October 26, 2010, by counsel, H.F. Salsbery. Having thoroughly examined the record in this case, the Court finds that Petitioner's Amended Petition should be dismissed.

### FACTUAL HISTORY

In the instant case, Virginia authorities arrested Petitioner on October 13, 2004, and dismissed their charges on December 10, 2004.[1] On December 14, 2004, Federal authorities arrested Petitioner. Accordingly, the Federal authorities obtained primary jurisdiction on December 14, 2004. Petitioner was then temporarily transferred back into State custody on February 18, 2005, pursuant to a Writ of Habeas Corpus *ad Prosequendum* for proceedings upon other State drug charges lodged prior to October 13, 2004. Petitioner was sentenced by the Circuit Court of Hopewell on February

---

[1] Petitioner was charged in the Chesterfield County General District Court with manufacturing a controlled substance on October 13, 2004, in violation of Va. Code Ann. § 18.2-248, and conspiracy to violate the Drug Control Act on October 13, 2004, in violation of Va. Code. Ann. § 18.2-256. Both charges were dismissed on December 10, 2004.

23, 2005, to a total term of 40 years imprisonment, with 38 years suspended,[2] to run "consecutive with any other sentences imposed."[3] Petitioner was then transferred back into Federal custody and sentenced on May 23, 2005, to a 96-month term of imprisonment "to run concurrently with all other sentences previously imposed" and with credit for time served. The record indicates that Petitioner's Federal sentence commenced on May 23, 2005, the day of its imposition, and Petitioner was granted 222 days of prior custody credit for the time spent in official detention from October 13, 2004, to May 22, 2005. Currently, Petitioner is scheduled to be released from Federal custody on February 19, 2011.

## PROCEDURAL HISTORY

On December 2, 2008, Petitioner, then incarcerated at FCI Bennettsville, located in Bennettsville, South Carolina, filed a Petition in the United States District Court for the District of

---

[2]  Va Code Ann. § 19.2-306(A) provides as follows:

In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court. If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

[3]  The Circuit Court of Hopewell sentenced Petitioner as follows (Court's Exhibit):

Incarceration with the Virginia Department of Corrections for the term of 20 years for Distribution of Cocaine and 20 years for Distribution of Cocaine. Total sentence imposed is 40 years.
This sentence shall run consecutive with any other sentences imposed.
The Court SUSPENDS 20 years of the Distribution of Cocaine sentence and 18 years of the Distribution of Cocaine sentence, for the maximum amount of time allowed by law, for a total suspension of 38 years, upon the following conditions:...

South Carolina seeking relief pursuant to 28 U.S.C. § 2241. (Document No. 1.)[4] Petitioner requested that the Court order the Bureau of Prisons "to exercise its discretion in determining whether or not to designate a Virginia Department of Corrections facility for the remainder of the petitioner's federal sentence to effectuate the federal judge's determination that his federal and state sentences should run concurrently." (Id., p. 1.) Petitioner cited 18 U.S.C. § 3621(b) providing that the Bureau of Prisons "may designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise" in support of his request. Petitioner also cited Bureau of Prisons Program Statement 5160.05 which states that "State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court . . .." Petitioner attached as Exhibits to his Petition a copy of (1) the page of the Federal Court's Judgment in a Criminal Case indicating that the District Court designated that his sentence was "to run concurrently with all other sentences previously imposed;" (2) Petitioner's administrative complaint and the Bureau of Prisons' response denying Petitioner's administrative appeal;[5] (3) the

---

[4] By Order entered on February 23, 2010, (Document No. 28.), the District Court for the District of South Carolina transferred this matter to this District as Petitioner had been transferred to FCI Beckley (Document Nos. 22 and 23.).

[5] In response to Petitioner's administrative appeal, the Bureau of Prisons stated as follows:

A review of your record reveals that you were sentenced in the Eastern District of Virginia to 96 months on May 23, 2005. This sentence began on the date it was imposed. Because you were held under the primary jurisdiction of federal authorities, you received all credit for time spent in custody beginning on the date of your arrest by federal agents on October 13, 2004, until the day before your federal sentence commenced on May 22, 2005. The federal court has no authority to determine if the state sentence is to run concurrently or consecutively. A concurrent designation by way of a nunc pro tunc designation is not possible, nor practical in that your federal sentence has already commenced on the date it was imposed and you have received credit for all time spent in custody toward the federal term. Any concerns you have regarding this issue should be addressed to the state court.

3

Virginia Department of Corrections' letter to the United States Marshals Service lodging a detainer based upon Petitioner's two-year State sentence;" and (4) the opinion of the United States District Court for the Middle District of Pennsylvania in McCauley v. Williamson, 2008 WL 2779298 (M.D.Pa.), ordering relief as Petitioner requests herein.

On April 9, 2009, Respondent filed a Motion for Summary Judgment with the February 27, 2009, Declaration of Mr. Forest B. Kelly, a Correspondence Specialist with the Federal Bureau of Prisons, attached as an Exhibit. (Document No. 12.) Respondent asserted that Petitioner's Federal custody was primary as he was taken into Federal custody on December 14, 2004, following the dismissal of the State charges, which were the basis for his October 2004 arrest. (Id., pp. 3 and 5.) Respondent argued that "a determination as to concurrence of sentence made by one sovereign does not bind the other." (Id., p. 5.) Respondent further asserted that "while the federal court may have directed the term to be concurrent with any state terms, the State is not required to accept that determination and can demand that its sentence be consecutive." (Id., p. 6.) Respondent claimed that Petitioner is without standing to challenge the order in which he is to serve his sentences. (Id.) Respondent acknowledged that the Bureau of Prisons may transfer a prisoner to State authorities pursuant to 18 U.S.C. § 3623, but asserted that the statute requires that the State must request it and Virginia has not done so in this case. (Id., pp. 6 - 7.) Respondent further argued that 18 U.S.C. § 3621(b) is not controlling as Petitioner claims because it is a more general statute than Section 3623 and therefore the specific requirements of Section 3623 apply. (Id., pp. 8 - 9.) Respondent indicated that McCauley v. Williamson is inapplicable because the Court did not consider Section 3623. (Id.)

On April 27, 2009, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. (Document No. 16.) Petitioner asserted that Section 3621(b) and Program

Statement 5160.05 apply, and Section 3623 does not. Petitioner argued that the Bureau of Prisons has failed to exercise its discretion under Section 3621(b) and Program Statement 5160.05, thereby giving no effect to District Court's intention that his Federal and State sentences run concurrently. Petitioner attached as Exhibits to his Response (1) his Affidavit; (2) a copy of <u>Miller v. Thomas</u>, 2008 WL 4793035 (D.Or.); and (3) <u>Bonner v. Rivera</u>, 2009 WL 364721 (D.S.C.).

Respondent filed a further Motion for Summary Judgment on April 12, 2010. (Document No. 32.) Respondent made essentially the same claims and assertions as in the first Motion for Summary Judgment contending "Petitioner is properly serving his federal term in a federal facility." (<u>Id.</u>, p. 9.) Respondent attached as Exhibits to its Motion a copy of (1) the March 5, 2010, Declaration of BOP Correspondence Specialist Forest B. Kelly.

On April 12, 2010, the undersigned filed an Order scheduling a hearing upon Respondent's Motion for Summary Judgment on April 15, 2010. (Document No. 33.) On April 13, 2010, Respondent filed as Supplemental Authority a copy of the Plea Agreement in the proceedings in the United State District Court for the Eastern District of Virginia. (Document No. 34.) On April 14, 2010, Respondent filed his "Second Supplemental Authority" (Document No. 35.) containing the following Exhibits: (1) Petitioner's request that the District Court for the Eastern District of Virginia designate the Virginia Department of Corrections as the place of his confinement making his Federal and State sentences concurrent in nature (Document No. 35-1, pp. 1 - 4.); and (2) A copy of the District Court's Order granting Petitioner's sentence reduction, but stating that "[e]xcept as provided above, all provisions of the judgment dated May 23, 2005, shall remain in effect" (<u>Id.</u>, pp. 16 - 17.). Respondent, therefore, argued "the district court considered petitioner's argument of having the Virginia Department of Corrections designated as his place of confinement to make his sentences

for federal and state concurrent in nature and rejected it." (Document No. 35, pp. 1 - 2.) On April 15, 2010, pursuant to its April 12, 2010, Order (Document No. 33.), the Court held a telephonic status conference with Petitioner and Respondent's counsel and advised Petitioner of matters and issues which were pending and applicable authorities. (Document No. 38.). On April 16, 2010, Respondent filed his "Third Supplemental Authority" providing "the court and petitioner with legal authorities in support of his motion for summary judgment." (Document No. 37.) On May 3, 2010, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of the right to file a response to the Respondent's Motion for Summary Judgment. (Document No. 41.)

On May 17, 2010, Petitioner filed his "Cross Motion for Summary Judgment; Response to Government's Motion for Summary Judgment; Motion to Appoint Counsel; and Motion for Production of Cited Authorities." (Document No. 43.) Petitioner argued "he should have been transferred to Virginia State authorities on February 19, 2009, to begin serving a 24 month state sentence." (<u>Id.</u>, p. 2.) Petitioner contended that "§ 3621 does not control; instead he asserts a 'plain vanilla' argument that he is being held beyond the completion of his federal sentence in violation of his due process rights under the Fourth Amendment to the U.S. Constitution." (<u>Id.</u>) Petitioner explained that his "due process rights are violated where his federal sentence is explicitly based on an erroneous fact – that it would be served concurrently with Thomas' state sentence as ordered."[6]

---

[6] Unlike *Jefferson v. Berkebile*, 688 F.Supp.2d 474 (S.D.W.Va. 2010), the Eastern District of Virginia did not impose Petitioner's Federal sentence based upon false assumptions concerning Petitioner's State sentence. In *Jefferson v. Berkebile*, 688 F.Supp.2d 474 (S.D.W.Va. 2010), the Federal sentencing judge made statements indicating that a lengthy Federal sentence was imposed based on the assumption that (1) petitioner's impending State sentence would run concurrently with his Federal sentence, (2) petitioner would be transferred from a State jail to a Federal prison shortly after the sentencing hearing, and (3) petitioner's Federal sentence would likely be the only

(Id., p. 8.) Petitioner asserted that the BOP has erroneously determined that Petitioner "will serve his 84 month federal sentence in its entirety, and only then will he be delivered to Virginia State authorities pursuant to their detainer warrant to serve this 24 month consecutive state sentence." (Id., pp. 3 - 4.) Thus, Petitioner stated that he will be improperly imprisoned for a total of 108 months. (Id., p. 4.) Petitioner argued that "[t]his is not the sentence imposed by the Federal Court . . . [because] it ordered that the [federal] sentence be served concurrently with all other sentences." (Id.) Petitioner explained that "Virginia has every intention of imprisoning Thomas - in its prison - for two years regardless of what federal authorities do with him." (Id., p. 5.) Petitioner claimed that "[a]lthough Virginia may certainly punish one of its citizens for his crime as it sees fit, what Virginia may not do is to preempt and override the federal government in its punishment of one of its citizens for his crime against the federal law." (Id., p. 6.)

On May 19, 2010, Respondent filed his "Reply to Petitioner's May 17 Filing." (Document No. 45.) Respondent argued that Petitioner's "federal sentence naturally commenced on the date it was imposed and there is no need to rely on § 3621's authority to retroactively commence the service of Petitioner's federal sentence." (Id., p. 3.) Respondent, therefore, claimed that Section 3623 "controls whether Petitioner may be transferred to state custody prior to expiration of his federal sentence for service of his federal sentence." (Id.) Respondent asserted that Section 3623 requires

---

punishment petitioner would receive. In *Jefferson*, the District Court concluded that the Federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure." *Id.*, 688 F.Supp.2d at 486. Unlike the facts in *Jefferson*, the Federal sentencing judge in the instant case was well aware that Petitioner's State sentence was ordered to run consecutively "with any other sentences imposed," and there is no evidence that the Federal sentencing judge imposed a greater sentence based upon a false assumption that Petitioner would be transferred to State custody to serve his Federal and State sentences concurrently.

7

that the State request an inmate's transfer and Virginia has made no such request. (<u>Id.</u>, p. 4.) Respondent further stated that "the federal sentencing court . . . was without authority to mandate that state authorities run Petitioner's state sentence concurrent with his federal sentence." (<u>Id.</u>) Respondent explained that "[w]hile the federal sentencing court's intentions may be frustrated by the state's unwillingness to run Petitioner's sentence concurrent with the federal sentence, Petitioner is not entitled to any form of relief, whether in law or in equity." (<u>Id.</u>, pp. 5 - 6.)

By Proposed Findings and Recommendation entered on August 24, 2010, the undersigned recommended that the District Court grant Respondent's Motions for Summary Judgment, deny Petitioner's Cross Motion for Summary Judgment, and remove this matter from the Court's docket. (Document No. 46.) On September 16, 2010, Petitioner filed his objections to the undersigned's recommendation. (Document No. 48.) By Order entered on September 29, 2010, United States District Judge Irene C. Berger (1) granted Petitioner's Motion for Appointment of Counsel, (2) denied without prejudice Respondent's Motion for Summary Judgment and Petitioner's Cross Motion for Summary Judgment, and (3) directed that any Amended Petition be filed by November 1, 2010.[7] (Document No. 49.)

On October 26, 2010, Petitioner, by counsel, filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, or in the Alternative, Pursuant to 28 U.S.C. § 2241 or 2255." (Document No. 51.) Petitioner contends that "his state court sentence imposing 'consecutive to' sentencing to any other sentence is illegal and violates Petitioner's rights, *inter alia*, under the Due

---

[7]   District Judge Berger stated as follows: "Upon review of these materials, the Court has profound concerns about the legality of Petitioner's sentence in the Commonwealth of Virginia, inasmuch as it was ordered consecutive to future sentences that, at that time, did not yet exist. This issue, and possibly others, were undeveloped by Petitioner, who focused on the execution of his federal sentence." (Document No. 49.)

Process Clause of the Fifth and/or Fourteenth Amendment of the United States Constitution because at the time of sentencing in Virginia state court, Petitioner had not yet been sentenced, much less convicted by the United States or another state."(Id., p. 1.) Petitioner acknowledges that "all state remedies have not been exhausted." (Id., p. 2.) Petitioner notes, however, that exhaustion may be excused where "circumstances exist that render such process ineffective to protect the rights of the applicant." (Id., pp. 2 - 3.) Thus, Petitioner asserts that exhaustion should be excused because "he is scheduled for release from federal custody in February, and then scheduled to begin serving his Virginia state court sentence." (Id., p. 3.) Finally, Petitioner "requests that this Court declare his State sentence illegal and *void ab initio*, and strike the Commonwealth of Virginia's detainer, or in the Alternative, transfer Petitioner to the Commonwealth of Virginia for re-sentencing with the appropriate limiting instruction." (Id., pp. 10 - 13.)

## DISCUSSION

The Court begins by noting that the nature of Petitioner's claim has changed since the filing of his initial Section 2241 Petition. Petitioner initially challenged the execution of his sentence claiming that the BOP should transfer him to a Virginia Department of Corrections facility for the remainder of his Federal sentence to effectuate the federal judge's determination that his Federal and State sentences should run concurrently. Petitioner now claims that his State sentence is unconstitutional and should be "declared illegal and *void ab initio.*"

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas*

9

*corpus* authority.[8] See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2254 was specifically created by Congress "as a the method for state prisoners to overturn or attack their state court convictions." See Sabb v. South Carolina, 2008 WL 701387 (D.S.C. March 13, 2008)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). The canons of statutory construction provide that a more specific statute takes precedence over a more general statute. Medberry v. Crosby, 351 F.3d at 1060. Accordingly, a prisoner in custody pursuant to the judgment of a State Court, who is seeking *habeas corpus* relief concerning his State Court judgment, is subject to the filing restrictions set forth in Section 2254. Id. at 1064. "Petitioners are not permitted to circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241." See In re Vial, 115 F.3d at 1194. The Court further notes that a petitioner may not proceed under 2241 claiming that Section 2254 was inadequate or ineffective to challenge his State court sentence. Woodfin v. Angelone, 213 F.Supp.2d 593, 595 (E.D.Va. 2002), aff'd, 46 Fed. Appx. 729 (4th Cir. 2002), cert. denied, 538 U.S. 951, 123 S.Ct. 1638, 155 L.Ed.2d 497 (2003)("Unlike 28 U.S.C. § 2255, § 2254 does not contain a provision authorizing the use of § 2241 to challenge a state conviction when § 2254 affords an inadequate remedy.").

The undersigned finds that Petitioner's claims are properly considered under Section 2254, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the

---

[8]  The Fourth Circuit has recognized that Circuit Courts are split on whether 28 U.S.C. § 2241 or 2254 is the proper statute under which a state inmate challenging the *execution* of his State Court sentence should proceed. *See Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007)(emphasis added).

Circuit Court of Hopewell, Virginia.[9] Petitioner argues that the Circuit Court violated his due process rights by imposing a sentence that was unspecific or uncertain. Specifically, Petitioner contends that the Circuit Court imposed an unconstitutional sentence by ordering that his "sentence shall run consecutive with any other sentences imposed." Citing United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006), Petitioner states "district courts may not order a consecutive sentence when no state sentence exists at that time." (Document No. 51, p. 8.) The Court notes that the above decision was based upon the statutory interpretation of 18 U.S.C. § 3584, not constitutional grounds.[10] United See Smith, 472 F.3d at 225(stating that "[t]he plain language of this statute does

_____

[9] On February 23, 2005, Petitioner pled guilty in the Circuit Court of Hopewell, Virginia, to Indictments CR03000497 and CR03000499 charging Petitioner with distribution of cocaine, in violation of Va Code Ann. § 18.2-248. The Circuit Court sentenced Petitioner to a total term of 40-years imprisonment with 38 years suspended. Specifically, the District Court imposed a 20-year term, with 20 years suspended, in CR03000497, and a 20 year term, with 18 years suspended, in CR03000499. The Circuit Court stated that "[t]his sentence shall run consecutive with any other sentences imposed." (*See* Court's Exhibit.) This language appears to contemplate that Petitioner's sentence would run consecutively with any sentence imposed prior to it. The Circuit Court did not state that the sentence was to run consecutive with any future sentences. *See United v. Smith*, 472 F.3d 222 (4th Cir. 2006)(the District Court ordered petitioner's sentence consecutive to any future sentence by ordering that "the sentence imposed in this case . . . will be consecutive to any other sentence imposed in any other case, or on any other probation revocation or whatever.") Furthermore, if the Circuit Court had remained silent on the issue, Petitioner's sentence would have been presumed to run consecutively with any other sentence previously imposed. Virginia Code Ann. § 19.2-308 provides that "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court."

[10] Title 18 U.S.C. § 3584(a) establishes two circumstances under which the District Court may order a Federal sentence to run concurrently or consecutively with another Federal or State sentence:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . .. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Multiple terms of

not grant a district court authority to order that its sentence run consecutively to a future sentence"). Petitioner, however, states that while he "recognizes that § 3584(a) is a federal statute applying directly to federal district courts and not to state court sentencing, the fundamental concept behind § 3584, in all fairness, should apply to the states as well." (Document No. 51, p. 8.) Petitioner requests that the "Court grant his Petition and declare Virginia's sentence to be in violation of the Due Process Clause of the United States Constitution and in violation of § 3584 of the United States Code rendering it *void ab initio*." (Id., pp. 9 - 10.) Accordingly, the instant Petition should be considered as a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.

The Court first finds that even though Petitioner is currently in federal custody, he is also "in custody" for purposes of seeking *habeas* relief pursuant Section 2254 because Petitioner is subject to a detainer issued by Virginia. See Maleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989)(finding that a prisoner serving a federal sentence was "in custody" for purposes of challenging his State sentence, which prisoner had not begun serving, where the State had placed a detainer with federal authorities to ensure that prisoner would be returned to State authorities at the conclusion of his federal sentence); also see Sumter v. South Carolina Dept. of Correction, 2006 WL 2645162, at * 2 (D.S.C. Sept. 13, 2006)(finding that a State prisoner attempting to challenge

_____

imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Thus, according to Section 3584, a District Court may not order that a sentence run concurrently with a Federal or State sentence to be imposed in the future. *Smith*, 472 F.3d at 225("[T]he statute does not permit the court to decide whether any future sentence would be consecutive or concurrent . . .. Rather, when sentences are imposed at different times, § 3584(a) only authorizes a court to determine whether a sentence should be consecutive or concurrent if the defendant is '*already* subject to an undischarged term of imprisonment.' 18 U.S.C. § 3584(a)(emphasis added) Another sentence must exist at the time the district court imposes its sentence; a court cannot impose its sentence consecutively to a sentence that does not yet exist.")

the validity of a federal sentence he is scheduled to serve in the future, must file a motion to vacate pursuant to Section 2255, not a petition under Section 2254.) Next, reviewing the Petition under the appropriate statutory authority, it is noted that the State sentence being challenged was imposed by the Circuit Court of Hopewell, located in Hopewell, Virginia. Title 28 U.S.C. § 2241(d) provides as follows:[11]

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal Judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district for hearing and determination.

Although Petitioner is in custody within this District, this Court is located in the State of West Virginia and Petitioner is not challenging a West Virginia conviction or sentence.[12] See 28 U.S.C. § 2241(d). Thus, this Court does not have jurisdiction to hear a Section 2254 Petition challenging a sentence imposed by the State of Virginia. Accordingly, the undersigned recommends that Petitioner's Amended "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, or in the

---

[11] By comparison, the Court notes that a Section 2255 Motion must be filed in the sentencing court. See 28 U.S.C. § 2255("A prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008)(stating that a Section 2255 petition is filed with the original sentencing court.)

[12] The Court interprets 2241(d) to mean that a petitioner sentenced by a State court can file a Section 2254 Petition in (1) the District Court for the District where petitioner is in custody if that District Court is located within the sentencing State, or (2) the District Court for the District containing the State sentencing Court.

Alternative, Pursuant to 28 U.S.C. § 2241 or 2255" (Document No. 51.) be dismissed.[13]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's Amended "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, or in the Alternative, Pursuant to 28 U.S.C. § 2241 or 2255" (Document No. 51.), **ADOPT** the undersigned's prior Proposed Finding and Recommendation (Document No. 46.), and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the

---

[13] Considering whether Petitioner's Section 2254 Petition should be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) and 1406(a), the Court does not recommend such a transfer. *See Byrd v. North Carolina*, 200 Fed.Appx. 235, 236 - 237 (4th Cir. 2006). First, Petitioner acknowledges that he has failed to properly exhaust his State Court remedies. Second, Petitioner's Section 2254 Petition is most likely untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Circuit Court of Hopewell entered its final judgment order on February 25, 2005. Petitioner's sentence became final 30 days later when he did not file a notice of appeal to the Court of Appeals of Virginia (March 27, 2005). *See* Va. Sup. Ct. R. 5A:6(a); Va. Code Ann. § 8.01-675.3. Approximately four years and seven months after the one year period expired, Petitioner filed the instant Petition challenging the validity of his State sentence.

date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to transmit a copy of this Proposed Findings and Recommendation to counsel of record.

Date: December 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge