# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

DERWIN L. THOMAS,

        Petitioner,

v.                              CIVIL ACTION NO. 5:10-cv-00180

D. DREW,

        Respondent.

# MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, or, in the Alternative, Pursuant to 28 U.S.C. §§ 2241 or 2255 [Docket 51]. By Standing Order [Docket 31] entered on February 23, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition (PF&R), pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted findings of fact and has recommended that the Court **FIND** that Petitioner's claims are properly considered under § 2255 and that the Court lacks jurisdiction to hear his petition. The Magistrate Judge has further recommended that the Court dismiss the petition and remove this matter from the Court's docket.

I.

Petitioner was arrested on October 13, 2004, in Chesterfield County, Virginia, and charged with violations of Virginia law. On December 14, 2004, the state charges were dismissed and Petitioner was released by Virginia state authorities to federal authorities who arrested him. On February 18, 2005, Petitioner was again taken into custody by Virginia authorities pursuant to a writ of habeas corpus ad prosequendum based on charges stemming from arrests predating the October 13, 2004, arrest. Petitioner was sentenced in Virginia state court on February 23, 2005, to a 40-year term of imprisonment with 38 years suspended. The sentencing judge ordered that his sentence run consecutive to any other sentence that may be imposed. As Petitioner notes, at the time of that sentence, he had not been convicted or sentenced by the federal court. He was returned to federal custody the following day.

On May 23, 2005, Petitioner was sentenced to 96 months in prison. The court ordered that the federal sentence run concurrently with any other sentences previously imposed. On September 7, 2005, the Virginia Department of Corrections filed a detainer for the remaining two years on the state sentence, noting that the state sentence was to be served consecutive to the federal sentence. Petitioner's federal sentence was modified to 84 months on June 27, 2008. The Modified Order restated that the federal sentence was to be served concurrently with all other sentences previously imposed. According to the Bureau of Prison's Inmate Locator website, Petitioner is set to be released on March 15, 2011, at which time, presumably, his federal sentence expires.

Petitioner originally filed his Petition pursuant to 22 U.S.C. § 2241 on December 4, 2008, in the District of South Carolina, where he was housed on December 4, 2008. The original petition described Petitioner's efforts to serve the remaining two years of his federal sentence in the State of Virginia Department of Corrections to concurrently serve his two year state sentence. The exhibits attached to the petition demonstrate that the Bureau of Prisons denied Petitioner's request for redesignation and subsequently denied his administrative appeal of that decision. The original petition is based on those denials. It requests that the court order the Bureau of Prisons to designate Petitioner to a Virginia state facility so that his state sentence and final two years of his federal sentence may run concurrently.

On April 10, 2009, Respondents moved for summary judgement on the grounds that Petitioner was essentially challenging the order -- that is, the sequence -- in which he served his "consecutive" state sentence and his "concurrent" federal sentence, and he did not have standing to do so. After Respondents filed their Motion for Summary Judgment [Docket 32], Petitioner was transferred from the District of South Carolina to FCI Beckley in Beckley, West Virginia. The district court for the District of South Carolina entered an order on February 23, 2010, transferring the case to the Southern District of West Virginia.

Magistrate Judge VanDervort entered his first PF&R on August 24, 2010. Upon review of the record, the Court found it in the interest of justice to appoint pro bono counsel to assist Petitioner in this matter, and on September 29, 2010, the Court appointed counsel to the case, denied Respondent's motion for summary judgment, and set a briefing schedule for any amended petition. Through counsel, Petitioner filed his amended Petition for Writ of Habeas Corpus pursuant to 28

3

U.S.C. § 2254, 2241 or 2255 on October 26, 2010, and the magistrate judge entered his second PF&R on December 15, 2010. Petitioner responded to the PF&R on December 20 , 2010.

II.

In his amended Petition, he alleges that the Virginia state court determination imposing a sentence "consecutive to" a sentence that had not yet been imposed violates his due process rights under the Fifth and/or Fourteenth Amendment. In his Petition, he asserts that jurisdiction is proper under § 2254 because he alleges that the state court judgment is in violation of the Constitution and/or the laws of the United States. (Docket 51 at 2.)

Petitioner admits that he has not exhausted his state remedies, but asserts that he is not required to do so under § 2254 because "circumstances exist that render such process ineffective to protect the rights of the applicant." (Docket 51 at 2-3) (citing *Granberry v. Greer*, 481 U.S. 129, 131-132 (1987)). Specifically, he states,

> Because Petitioner is scheduled to serve a potentially illegal sentence in less than six months [now two days], this Court should look beyond Petitioner's admitted failure to exhaust state remedies because the risk of serving an illegal and erroneous sentence potentially outweighs the exhaustion requirement, especially in light of the fact that Petitioner exhausted his administrative remedies seeking remand to state custody.

(Pet. 3.) He further asserts that because exhaustion is an issue of comity rather than jurisdiction, Petitioner's exceptional situation warrants the Court excusing the failure to exhaust.

Petitioner asserts that his state court sentence violates his due process rights in that it was indefinite, unclear and contrary to federal law. (Docket 51 at 6.) He states that the length of his

4

sentence was left undetermined inasmuch as it was unclear whether the sentences were to be served consecutively, as the state court had ordered, or concurrently, as the federal district court had ordered. (Docket 51 at 7.) Petitioner asserts that he should be able to understand and appreciate the length of his sentence at the time the sentence is imposed, which was not the case because his state sentence depended on a future occurrence. He further states that the state sentence and the federal sentence are conflicting, adding to the vagueness and uncertainty that violates his rights under the Due Process Clause. (Docket 51 at 7-8.)

In support of his claims, Petitioner cites Fourth Circuit precedent holding that a district court may not order a sentence to run consecutively to another sentence that has not yet been imposed. (Docket 51 at 8.) Interpreting 18 U.S.C. § 3584(a), the statute that permits federal courts to order multiple terms of imprisonment to be served concurrently or consecutively, the Fourth Circuit in *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006), held that this provision applies only when the defendant is "*already* subject to an undischarged term of imprisonment." *Smith*, 472 F.3d at 226. Petitioner contends that this principle should apply to state courts as well as federal.

Petitioner then cites Virginia Code § 19.3-308, which confers authority upon the court to order that a defendant's multiple sentences run concurrently. It states, "When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Va. Code. Ann. § 19.2-308. Petitioner contends that in the absence of guidance in the statute as to whether, for the purposes of § 19.2-308, the convictions must be issued at the same time or by a Virginia court, the Court may look to the analogous federal statute, 18 U.S.C. § 3584(a), and its progeny case law and determine that the state

court does not have authority to impose a sentence consecutively to a sentence that has not yet been imposed. (Docket 51 at 9.)

Petitioner requests that the Court declare his state sentence void or, in the alternative, transfer him to Virginia for re-sentencing with a limiting instruction directing that the sentence not exceed the federal sentence that he is currently serving.

In his PF&R dated December 15, 2010, the magistrate judge first determined that Petitioner's claims are properly considered under § 2254, inasmuch as he is seeking habeas corpus relief concerning his state court judgment. (PF&R 10.) The magistrate judge goes on to conclude that this Court does not have jurisdiction to hear a § 2254 challenge to a sentence imposed by the State of Virginia because § 2241(d) requires such a challenge to be brought "in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d).

Petitioner responded that the Supreme Court of Appeals of the United States spoke to this issue in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), and held that a prisoner challenging a detainer lodged against him by one state could bring a habeas corpus application in another state in which he is presently detained. (Docket 53 at 6-7.) He stated that, pursuant to this holding, jurisdiction for his petition was proper in the State of West Virginia or the Commonwealth of Virginia. He further responds that the Court has the jurisdiction to quash the Virginia detainer and declare his Virginia sentence void, or to transfer him to Virginia to receive a new sentence that cannot exceed his federal sentence. (Docket 53 at 11.) Petitioner asserts that the Court has discretion to fashion an appropriate habeas remedy to the extent of declaring a sentence imposed by another jurisdiction void and releasing the prisoner.

III.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

IV.

The writ of habeas corpus is governed by both § 2241 and § 2254. Section 2241 sets forth five situations in which the writ may be granted to a prisoner, one being when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," as Petitioner claims he is in this case. 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction over such an application made by someone in state custody as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise

7

>of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C . § 2241(d). In other words, when a person who is in custody pursuant to a state court sentence files a habeas petition, he may file it in the district court where he is in custody or in the district court in the district that encompasses the state court that sentenced him.

Section 2254 applies exclusively to applications made "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 applies to a "subset" of people to whom § 2241(c) applies. *See Hiteshaw v. Butterfield*, 262 Fed.Appx. 162 (11th Cir. 2008); *Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir.2006). As explained by the Eleventh Circuit in *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), "Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner" and it is a limitation on the "preexisting authority under § 2241(c)(3) to grant the writ of habeas corpus to state prisoners." *Medberry*, 351 F.3d at 1056-60.[1] The harmonization of these statutes in the context of a person in custody pursuant to a state court judgment explains the following discussion of both of the requirements of § 2241 and § 2254. *See Medberry*, 315 F.3d at 1060.

---

[1] Other courts have discussed the difference between § 2241 and § 2254 as they relate to petitioners in state custody, explaining that a challenge to the execution of a sentence falls under the ambit of § 2241 and an attack on the validity of a sentence is properly brought under § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10 th Cir. 2000); *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir.1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Here, Petitioner is attacking both the execution and the validity of his Virginia sentence. The Fourth Circuit has not ruled on whether a person in state custody may only bring challenges under § 2254. Parsing Petitioner's claims to determine which claim is subject to which statute's requirements would be a prodigal exercise inasmuch as the following analysis does not depend on the difference between the two statutes and the precedential authority for this Court's jurisdiction over Petitioner's claims does not make this distinction.

V.

In *Braden*, the Supreme Court examined the situation where an inmate confined in one state was challenging a detainer issued by another state. The Court concluded that under § 2241 jurisdiction is proper in both the district court in the district of confinement and the district court in the state that issued the detainer. *Braden*, 410 U.S. at 500-01.

The petitioner in *Braden* was serving a sentence in an Alabama prison and he applied to the District Court for the Western District of Kentucky for a writ of habeas corpus attacking a Kentucky indictment against him. Specifically, the petitioner was raising a speedy trial claim. The Court first explained that the petitioner was "in custody" within the meaning of the habeas statute because prisoners may collaterally attack a future confinement, and that a detainer amounts to such custody in this context. *Braden*, 410 U.S. at 489, n 4 (citing *Peyton v. Rowe*, 391 U.S. 54 (1968), *Smith v. Hooey*, 393 U.S. 374 (1960)). In an attack on a detainer, the Court advised, "the State holding the prisoner in immediate confinement acts as agent for the demanding State[.]" *Braden*, 498-99.

The Court next discussed the second "prelude" to his action -- the petitioner's exhaustion of state remedies. *Braden*, 410 U.S. at 489-90. Finding that the petitioner had exhausted state remedies with respect to the speedy trial claim, the Court considered the importance of the exhaustion requirement:

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a "swift and imperative remedy in all cases of illegal restraint or confinement." It cannot be used as a blunderbuss to shatter the attempt at litigation of constitutional claims without regard to the purposes that underlie the doctrine and that called it into existence. As applied in our earlier decisions, the doctrine preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal

>   questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

*Braden*, 410 U.S. at 490 (citations omitted).

The facts of this case differ from those in *Braden* slightly. In *Braden*, the petitioner was confined in an Alabama prison and seeking habeas relief from a Kentucky criminal action in district court in Kentucky. Here, Petitioner is confined in a West Virginia prison and seeking habeas relief from a Virginia sentence in the district court of his present confinement.

Petitioner compares his case to the Court of Appeals for the Eleventh Circuit case, *Milstead v. Rison*, 702 F.2d 216 (11th Cir. 1983). In *Milstead*, the petitioner was convicted of a Texas state offense and sentenced in Texas state court. *Id.* at 217. After he began his sentence, he was sentenced in Texas federal court to five years imprisonment based on a federal conviction, and transferred to a federal facility in Alabama. *Id.* at 217. Texas lodged a detainer against him so that upon expiration of the federal sentence he would be detained in Texas to serve his state court sentence. *Id.* The Eleventh Circuit determined that Texas is the proper respondent to the petitioner's action because he was challenging his Texas detainer. *Id.* at 218. However, the court also found that Alabama, the place of the petitioner's confinement, was the agent of the State of Texas for effectuation of the detainer, and that while Alabama could transfer the habeas petition to Texas, it was not required to do so. *Id.*

The District Court for the Eastern District of Texas has encountered situations similar to that found here and in *Milstead*. Citing *Braden* and *Milstead* in support of transfer orders, that court has

10

held that when a petitioner is in immediate federal custody in Texas and is challenging a detainer issued by another state, jurisdiction is proper in the Texas district of confinement, but "the interest of justice would best be served if [the] petition were transferred to the division in which the detainer was issued." *Noil v. Louisiana Division of Parole*, No. 07-577, 2008 WL 686209 at *1-2 (E.D. Tex. Mar. 7, 2008) (inmate at FCC in Beaumont, Texas, challenging a Louisiana detainer); *see also Davis v. Fox*, No. 07-570, 2007 WL 4591243 (E.D. Tex. Dec. 27, 2007) (inmate at FCC in Beaumont, Texas, challenging a Missouri detainer); *Mynster v. Fox*, No. 07-897, 2007 WL 4793375 (E.D. Tex. Dec. 3, 2007).

The Court is satisfied that *Braden* contemplates the situation in this case and permits jurisdiction in both this Court and the district court in Virginia that encompasses the court in which Petitioner was sentenced. In this case, the Southern District of West Virginia, Petitioner's immediate custodian, is the acting agent of the Commonwealth of Virginia for the effectuation of the Virginia detainer. *See Braden*, 498-99; *Milstead*, 217.[2]

VI.

While jurisdiction for his attack on the Virginia detainer may not be precluded under the habeas statutes, two additional hurdles must be cleared before the Court may grant Petitioner relief.

---

[2]The Fourth Circuit recently declined to resolve the issue of whether the "within their respective jurisdiction" language in § 2241(a) presents an issue material to jurisdiction or venue, concluding only that the phrase "identifies the proper location of the federal district in which a habeas petition should be filed." *Kanai v. McHugh*, --- F.3d ---, 2011 WL 754783, *10 (4th Cir. Mar. 4, 2011).

First, Petitioner must be in custody in violation of the Constitution or laws or treaties of the United States and he must exhaust his available state remedies. 28 U.S.C. § 2241; 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (§ 2241 petition). Speaking to the latter hurdle, the "fundamental interests underlying the exhaustion doctrine" have not been fulfilled in this case. Our Court of Appeals has urged caution when it comes to a district court's discretion to exercise the power of the writ when state court remedies are available. *Timms*, 627 F.3d at 530-31. "In the case of those detained by states, principles of federalism and comity generally require exhaustion of available state court remedies before we conduct habeas review of the detention." *Timms*, 627 F.3d at n. 5. Citing the Supreme Court's opinion in *Stack v. Boyle*, 342 U.S. 1 (1951), the Court noted that "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Timms*, 627 F.3d at 531.

Here, Petitioner admits that he failed to exhaust remedies that were available to him in Virginia courts. He contends, however, that this Court should invoke its authority to address the merits of his petition anyway due to the exigency of the pending Virginia detainer and sentence. He finds purchase in the Supreme Court's decision in *Granberry v. Greer*, 481 U.S. 129 (1987), in which the Supreme Court reversed a district court's holding that a state's non-exhaustion defense could not be waived, and restated its position that "the failure to exhaust state remedies does not deprive an appellate court of jurisdiction to consider the merits of a habeas corpus application." *Granberry*, 481 U.S. at 131 (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984). In *Granberry*, the respondent raised the defense of non-exhaustion for the first time on appeal and the petitioner argued that this defense had been waived because it was not asserted in the underlying

case. *Id.* The appellate court rejected that argument and dismissed the petition on exhaustion grounds, holding that the non-exhaustion defense could not be waived. *Id.* at 130. The Supreme Court remanded the case, noting that the appellate court "made no attempt to determine whether the interests of justice would be better served by addressing the merits of the habeas petition or requiring additional state proceedings consistent with this opinion." *Id.* at 136. The Court stated that "[a]lthough there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies, his failure to do so is not an absolute bar to appellate consideration of his claims."[3] *Id.* at 131.

The Supreme Court went on to instruct that when petitions involve unresolved questions of fact or state law, "both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis." *Id*. at 134-35; *see Lee v. Packard*, 849 F.2d 605, *1 (4th Cir. Jun. 10, 1988). On the other hand, "if the court of appeals is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts." *Granberry*, 481 U.S. at 133. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act, implementing changes to the habeas statutes. One of the changes was § 2254(b)(2), which states that "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The *Granberry* decision and the subsequently enacted § 2254(b)(2) contemplate instances where a petition may be denied even though the petitioner has not exhausted his state remedies, but

---

[3] The Court notes that § 2254(b)(3) overrules *Granberry* to the extent that the state no longer may be deemed to waive the exhaustion requirement.

both are silent as to when a petition may be granted in the absence of that procedural requirement. Petitioner has not provided sufficient authority to that effect either.[4] Section 2254(b) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(I) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The circumstances we are faced with in this case is the fast-approaching expiration of Petitioner's federal sentence and subsequent effectuation of the Virginia detainer. If habeas relief should be granted, there is a danger (and, in all likelihood, a probability) that Petitioner would serve the majority of an illegal sentence during the pendency of his state remedies. After a review of cases in which courts have found circumstances warranting federal intervention before state remedies were exhausted, such as when an inordinate and unjustifiable delay renders the state's process ineffective, or when a petitioner's claim has been determined to be moot under state law, the Court finds that Petitioner has not fulfilled the requirements of § 2254(b)(2) to be excused from the exhaustion requirement and the Court is reticent to grant the drastic relief of voiding Petitioner's Virginia sentence before Virginia has had the opportunity to entertain the issues in this case. *See Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir.1997); *Whaley v. Belleque,* 520 F.3d 997, 1003

---

[4]Petitioner cites *U.S. ex rel. Gockley v. Myers*, 411 F.2d 216 (3d Cir. 1969) for its premise that "[i]f the case is sufficiently exceptional the doctrine [of exhaustion] need not be rigidly followed to the point of inflicting manifest injustice." (Docket 51 at 3.) Petitioner's use of this case is well-taken, but the support relied upon by the Third Circuit to reach that conclusion is outdated, if not outright overruled, by subsequent case law and statutes. Thus, the Court is reluctant to rely solely on *Gockley* as authority for granting a petition when state remedies have not been exhausted.

(9th Cir. 2008); *see also Leyva v. Williams,* 504 F.3d 357, 368 (3d Cir. 2007) ("the absence of state corrective process is generally an excuse to the exhaustion requirement"); *U.S. ex rel. Gray v. Director, Dept. of Corrections, State of Ill.*, 721 F.2d 586, 598 (7th Cir. 1983); *Carter v. Estelle*, 677 F.2d 427, 450 (5th Cir. 1982) (excused exhaustion requirement when the state remedy was deemed inadequate); *Potter v. Dowd*, 146 F.2d 244 (7th Cir. 1944) (same).

Petitioner's path in challenging his sentence has been lengthy and winding, only to arrive at this point of being turned away from federal court. He began by challenging, pro se, the Bureau of Prison's decision not to transfer him to Virginia in his final two years of his federal sentence to serve what he thought would suffice as his Virginia state court sentence. He is here today challenging, through his appointed counsel, a state court sentence that was imposed contingent upon the fact and length of a future federal sentence -- an issue that deserves attention, be it from a federal law standpoint or in the context of Virginia's statutory grants of authority to state courts. While the timing of this challenge and opinion are not optimum, considering he will begin serving the sentence to which he objects in a matter of days, the Court stresses the importance under the principals of federalism and comity discussed above that this issue be brought up first through Virginia's corrective process. Should a favorable result be reached, there exists remedies for individuals who have served time in custody in violation of the law.[5]

Moreover, it is not clear that Petitioner is in custody in violation of the Constitution or other federal law. If it were obvious that the Virginia court imposed a sentence that violated his due

---

[5]*See Heck v. Humphries*, 512 U.S. 477, 486-87 (1994) (damages under § 1983 may be appropriate when a plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.")

15

process rights, the Court might be more inclined to consider excusing the exhaustion requirement. He contends that the Virginia sentence violates his due process rights under the Fifth and Fourteenth Amendments because the sentence "was not fully determined until Petitioner was sentenced in federal district court" approximately four months after his Virginia sentence was imposed. (Docket 51 at 7.) He cites an opinion from the Supreme Court of Illinois which states that "[a]ll judgments must be specific and certain" and strikes a sentence that was imposed for an unspecified time. *People ex rel. Hinckley v. Pirfenbrink*, 96 Ill. 69, 1879 WL 8687 (Il. Oct. 1, 1879).

Petitioner also encourages the Court to draw a comparison to several Courts of Appeals' interpretation of 18 U.S.C. § 3584(a), the statute authorizing a district court to order that terms of imprisonment be served concurrently or consecutively. (Docket 51 at 8.) He cites several opinions that hold that a district court may not order that a sentence be served consecutively to a sentence that has not yet been imposed. *See United States v. Smith*, 472 F.3d 222 (4th Cir. 2006); *United States v. Quintero*, 157 F.3d 1038 (6th Cir. 1998); *United States v. Eastman*, 758 F.2d 1315 (9th Cir. 1985). He asserts that the Court may look to these decisions as guidance and in fairness to determine whether the same should be true for state sentencing.

However, this Court need not look to the federal grant of authority for concurrent or consecutive sentences when the Virginia sentence was imposed pursuant to Virginia state law. Virginia Code § 19.2-308.1 provides: "When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Va. Code § 19.2-308. Virginia Code § 19.2-308.1 provides:

> Notwithstanding any other provision of law, in the event that a person is convicted
> of a criminal offense in any court of this Commonwealth and such person has also
> been sentenced to imprisonment for a term of one year or more by a court of the
> United States, or any other state or territory, and, at the time of sentencing in this

>Commonwealth, is incarcerated in a federal or state penal institution, the court may order the sentence to run concurrently with the sentence imposed by such other court.

Va. Code § 19.2-308.1. These statutes encompass Virginia courts' authority to impose sentences concurrently and consecutively and are subject to interpretation according to state law. The Court is unable to find federal law that limits a state court's ability to impose a consecutive sentence or a Constitutional right that has been violated by the Virginia court's imposition of a sentence consecutive to his yet-to-be-imposed federal sentence.

Petitioner is correct that there is authority for the proposition that a criminal sentence must be definite and certain. *See United States v. Buide-Gomez,* 744 F.2d 781, 783 (11th Cir. 1984) ("this court recognizes that indefinite and uncertain criminal sentences are illegal"); *United States v. Patrick Petroleum Corp. of Michigan*, 703 F.2d 94, 98 (5th Cir. 1982) ("The sentencing court has an obligation to express its sentences in clear terms to 'reveal with fair certainty" its intent and to "exclude any serious misapprehensions by those who must execute them.'"); *Anderson v. United States*, 405 F.2d 492, 493 (10th Cir. 1969) ("A sentence in a criminal case must be definite and certain."). The uncertainty regarding Petitioner's state sentence rested with the contingency of the fact and length of the federal sentence. At best, the Virginia sentence was uncertain at the time it was imposed, in that it was based on a sentence that would result from a pending federal charge, but the sentence was made certain when that event occurred. Without ruling definitively on this issue, the Court is not convinced that this uncertainty rises to a violation of federal law for the purpose of

habeas relief.[6] That is not to say that the Virginia sentence did not violate Virginia law, but in that case, as indicated above, that is a question for Virginia courts.

### VII.

For the reasons set forth above, the Court **ORDERS** that the PF&R be **ADOPTED** to the extent it recommends dismissal of this action. The Court respectfully declines to adopt the PF&R with respect to its findings. Accordingly, the Court **ORDERS** that Petitioner's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, or, in the Alternative, Pursuant to 28 U.S.C. §§ 2241 or 2255 [Docket 51] be **DENIED** and that this case be **DISMISSED** and **STRICKEN** from the Court's docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Petitioner must file any appeal within thirty (30) days after entry of the judgment in this action. The failure within that period to file with the Clerk of this Court a notice of appeal of the judgment will render this Memorandum Opinion and Order and the judgment final and unappealable.

---

[6] Courts of Appeals discussing the requirement that a criminal sentence be definite have examined similar situations. In *Buide-Gomez*, the appellants objected to sentences that were ordered consecutive to their release from detention as illegal aliens -- a date unknown at the time of sentencing. *Buide-Gomez*, 744 F.2d at 782-83. The Eleventh Circuit held that there was no lack of clarity in this sentence because the law does not require that a defendant know the exact date his sentence will begin, as long as the sentence itself is definite. *Id.* at 783-84. Similarly, in *Anderson*, the Tenth Circuit held that there was no uncertainty with respect to a federal sentence that was imposed consecutive to state confinement resulting from a pending state charge. *Anderson*, 405 F.2d at 493. Of course, the cases since *Anderson* interpreting § 3584(a) call the foregoing finding into doubt, but the point to be made here is that to the extent there exists Constitutional right to a definite and certain sentence, it is not clear that the Virginia sentence violates it.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:      March 14, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA